Robert SHEPHERD and Roma Shepherd, as Personal Representatives of the Estate of Heather Shepherd, Petitioners,

v.

SECRETARY OF the DEPARTMENT OF HEALTH AND HUMAN SERVICES, Respondent.

No. 88–54V.

United States Claims Court.

Nov. 30, 1989.

## ORDER

### (i) ADOPTING, IN PART, SPECIAL MASTER'S RECOMMENDATION

and

### (ii) RESTRICTING AWARD OF ATTORNEYS' FEES UNDER 42 U.S.C. § 300aa–15(b) TO $30,000

WIESE, Judge.

I

This suit was brought under the National Childhood Vaccine Injury Act of 1986, as amended, 42 U.S.C. §§ 300aa–1 to 300aa–34 (Supp V 1987), to recover compensation for the vaccine-related death of the petitioners' decedent, their infant daughter Heather Shepherd. As contemplated by the terms of the Act, the matter was referred to a special master for the preparation of proposed findings of fact and conclusions of law. *See* 42 U.S.C. § 300aa–12(c). The special master's report, filed August 17, 1989, recommends that petitioners be awarded (i) $250,000 under section 15(a)(2) of the Act for the estate of Heather Shepherd and (ii) reasonable attorneys' fees and costs in the amount of $54,437.44.

The parties have filed objections to the special master's recommendations; their dispute focuses on the amount of the award proposed for attorneys' fees and costs. Petitioners object on the ground that the proposed award of $54,437.44 fails to include all the necessary (and reasonable) costs and fees associated with the litigation. Respondent's position is that attorneys' fees and costs arising out of the litigation of an injury or death attributable to a vaccine administered *prior* to the effective date of the statute (the case here) are restricted, by the terms of the Act, to a maximum of $30,000. The issue has been briefed by the parties; we hold for respondent.

II

. Respondent bases its position on 42 U.S.C. § 300aa–15(b), which deals with injury or death associated with a vaccine administered before the effective date of the compensation program, October 1, 1988. As to such "pre-Act" cases, the statute declares that the award may not include compensation for pre-judgment medical expenses but may include:

> attorneys' fees and other costs included in a judgment under subsection (e) of this section, except that the total amount that may be paid as compensation under paragraphs (3) and (4) of subsection (a) of this section [relating respectively to compensation for loss of earnings and pain and suffering] and included as attorneys' fees and other costs under subsection (e) of this section may not exceed $30,000.

Respondent contends that the $30,000 limitation restricts the aggregate amount that may be awarded for loss of earnings, pain and suffering and attorneys' fees and costs. We are compelled to agree; the plain meaning permits no other conclusion. Consider again the text of the statute: "the total amount that may be paid as compensation under paragraphs (3) *and* (4) of subsection (a) ... *and* included as attorneys' fees and other costs under subsection (e) ... may not exceed $30,000" (emphasis added). It is hard to imagine how this language could be taken to mean anything other than what it so plainly says.

Petitioners do concede that the language reaches attorneys' fees and costs. They argue, however, that the restriction addresses only those attorneys' fees and costs that relate to the proof of loss of earnings and pain and suffering. Other elements of a petitioner's case, and the attorneys' fees and costs associated therewith, are therefore claimed to be reimbursable in full. This is a strained and unnatural reading of the language. By its terms, the provision limits the amount of attorneys' fees and costs that may be "included in a judgment." This limitation necessarily embraces *all* attorneys' fees and costs rather than only those that might be associ-

ated with the proof of loss of earnings and pain and suffering.[1]

Petitioners raise other arguments but we see no warrant to deal with them here. It suffices to note that "where the language employed by the legislature is plain and free of all uncertainty, ... the statute speaks its own construction." *Barnes v. the Railroads,* 84 U.S. (17 Wall.) 294, 302, 21 L.Ed. 544 (1872). The statute we deal with here speaks its own construction. Accordingly, $30,000 is the maximum amount that may be awarded petitioners for reasonable attorneys' fees and costs.

### III

The report of the special master recommending an award of $250,000 for the estate of Heather Shepherd has not been challenged by the parties. Since the court agrees with the findings of fact and conclusions of law on which this recommendation is based, it hereby adopts them as the basis for judgment.

### IV

Based on the foregoing, petitioners are awarded $250,000 in their capacity as personal representatives of the estate of Heather Shepherd. In addition, petitioners are awarded $30,000 in attorneys' fees and other costs. The Clerk of the Court shall enter judgment accordingly.

---

**1.** Judge Andewelt's opinion in *Mikulich v. Secretary of the Dept. of Health & Human Servs.,* 18 Cl.Ct. 253 (1989), provides a comprehensive discussion of the instant issues—one with which we fully agree.